IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VIRGINIA RONDEL,

        Plaintiff,

   v.

DVA HEALTHCARE RENAL CARE, INC.,
dba Roseburg Mercy Dialysis, a
foreign corporation,

        Defendant.

Case No. 6:12-cv-02065-AA
OPINION AND ORDER

---

Randy Jay Harvey
Scott G. Bassinger
Bassinger & Harvey
1200 Executive Parkway, Suite 320
Eugene, Oregon 97401
    Attorneys for plaintiffs

David P.R. Symes
Micah D. Fargey
Ogletree, Deakins, Nash, Smoak & Stewart, PC
222 SW Columbia, Suite 1500
Portland, Oregon 97201
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff Virginia Rondel moves for leave to amend her complaint pursuant to Fed. R. Civ. P. 15 and to remand the case to

Page 1 - OPINION AND ORDER

state court. 28 U.S.C. § 1447(c). Defendant DVA Healthcare Renal Care, Inc. ("DVA") opposes plaintiff's motions. For the reasons set forth below, plaintiff's motion for leave to amend is granted, in part. Plaintiff's motion for remand is denied.

## BACKGROUND

On December 5, 2011, plaintiff filed a complaint with Oregon Bureau of Labor and Industries ("BOLI") alleging retaliation and discrimination by her then-employer, DVA. BOLI declined to investigate plaintiff's claim and on June 26, 2012, issued plaintiff a 90-day right to sue letter.

On September 24, 2012, plaintiff filed suit in state court, naming DVA as the sole defendant. Plaintiff alleged discrimination under the Oregon Family Medical Leave Act ("OFLA"), Or. Rev. Stat. § 659A.183, and wrongful discharge.

On November 15, 2012, DVA removed the action to this court on the basis of diversity jurisdiction, as DVA is a Nevada corporation and plaintiff sought $175,000 in damages. Following removal, plaintiff filed these motions for leave to amend and remand, seeking to add a non-diverse party, Janella Holder, as an additional defendant. Plaintiff alleges that Holder, plaintiff's supervisor at DVA, interfered with plaintiff's protected leave under OFLA and in so doing, intentionally inflicted emotional distress on plaintiff. Plaintiff also seek to add claims of retaliation and intentional infliction of emotional distress ("IIED") against DVA.

The addition of Holder as a defendant would destroy diversity

Page 2 - OPINION AND ORDER

jurisdiction and require remand to state court. Defendant opposes the motions.[1]

## STANDARD

Leave to amend pleadings should be given "freely" "when justice so requires," and courts apply Rule 15 "with extreme liberality." Fed. R. Civ. P. 15(a)(2); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, pertinent factors the court should consider include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed. United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). These factors are not weighted equally; "futility alone can justify the denial of a motion" to amend. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

## DISCUSSION

Plaintiff seeks to add a claim against DVA for retaliation (proposed Second Claim), a claim against Holder for interfering

---

[1]DVA also seeks $2,948.00 in costs incurred opposing plaintiff's motions, due to plaintiff's alleged failure to confer with opposing counsel in violation of Local Rule 7-1. While this court fully expects parties to comply with the Local Rules in future filings, I decline to impose sanctions for any alleged failure based on the record before the court. DVA also requests sanctions pursuant to Fed. R. Civ. P. 11(c) because plaintiff's claims are not "warranted by existing law." Def.'s Opp'n at 9. However, as a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)," this Court declines to grant defendant's request. Fed. R. Civ. P. 11(c)(2).

Page 3 - OPINION AND ORDER

with her protected OFLA leave (proposed Fourth Claim), and claims against Holder and DVA for IIED (proposed Fifth Claim). Plaintiff also seeks to add a new factual basis for her wrongful discharge claim against DVA (proposed Third Claim). DVA does not present argument against plaintiff's proposed Second and Third Claims, and they will be allowed. However, DVA contends that because plaintiff failed to allege an OFLA claim against Holder within the statutory limitations period, her proposed OFLA claim against Holder is futile. DVA also argues that plaintiff's allegations fail to state a claim for IIED.

A plaintiff must file suit for alleged unlawful employment practices, including violations of OFLA, within: 1) one year after the occurrence of the unlawful employment practice; or 2) if a BOLI complaint is filed, within 90 days after BOLI issues a right to sue letter. Or. Rev. Stat. §§ 659A.875, 659A.885; see also Sharer v. Oregon, 481 F. Supp. 2d 1156, 1164 (D. Or. 2007) (explaining that the statute of limitations in § 659A.875 also applies to actions in federal court).

Plaintiff contends that the OFLA claim against Holder relates back to her original complaint, because Holder is a "primary actor" in the same "operative facts" detailed in the original complaint. Pl.'s Resp. to Opp'n at 2. Plaintiff is correct that an amended pleading may relate back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Claims arise

Page 4 - OPINION AND ORDER

out of the same conduct, transaction, or occurrence if they "share a common core of operative facts." Martell v. Trilogy Ltd., 872 F.2d 322, 325-26 (9th Cir. 1989). Further, if a proposed amendment adds a new party, within 120 days of the original complaint the proposed new party must have:

> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Here, plaintiff's claim against Holder arises out of the same set of operative facts and Holder had notice of the claim within 120 days after plaintiff's original complaint. However, I cannot find that Holder knew or should have known that plaintiff would have brought suit against her if not for a "mistake concerning the proper party's identify." The Supreme Court has explained that the relevant question is not whether the plaintiff actually knew of the prospective defendant's existence, but rather whether the proposed defendant "knew or should have known" that it would be named as a party. Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2496 (2010) ("The question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant.").

Here, plaintiff's allegations against DVA for discrimination and wrongful discharge would not have given Holder reason to believe that she was, in fact, the correct or proper party to the

Page 5 - OPINION AND ORDER

suit. See e.g., Lundy v. Admar of New Jersey, Inc., 34 F.3d 1173, 1183 (3rd Cir. 1994) (noting that courts have often refused to apply relation back when there is "no reason for another [prospective] party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants"). That plaintiff initially chose to file suit against DVA rather than Holder does not amount to "mistake concerning the proper party's identity."

Regardless, even if plaintiff's claims against Holder relate back to her original complaint, the OFLA claim against Holder remains time-barred. Plaintiff's employment at DVA terminated on April 7, 2011, and presumably plaintiff had knowledge of Holder's alleged unlawful conduct under OFLA at that time. Therefore, the one-year limitations period ran in early April 2012, and plaintiff did not file her complaint until late September 2012. Moreover, plaintiff cannot rely on the 90-day limitations period under Or. Rev. Stat. § 659A.875(2), because plaintiff's BOLI claim and right-to-sue letter did not include Holder. Fargey Decl. Ex. 1.

Plaintiff further maintains that her failure to name Holder as a defendant in her initial pro se complaint was due to her "lack[] of sophistication to properly identify defendants."[2] Pl.'s Mem. in Supp. at 3. The Ninth Circuit has held, however, that a pro se

---

[2] While plaintiff asserts that she filed her initial complaint in state court pro se, defendant maintains that plaintiff previously had legal representation, pointing to the BOLI letter's notice of copy to plaintiff's counsel, Brian Pocock. Def.'s Opp'n at 8; Fargey Decl. Ex. 1. However, I find the existence of prior counsel has no bearing on whether plaintiff's amendment relates back to her original complaint.

Page 6 - OPINION AND ORDER

plaintiff's lack of knowledge of the law is not an "extraordinary circumstance" which would warrant equitable tolling of the statute of limitations. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). I therefore find no justification to extend the statute of limitations which have clearly run on plaintiff's proposed OFLA claim against Holder. As such, it is time-barred and futile.

Plaintiff also seeks to add claims of IIED against both DVA and Holder.[3] To prevail on her IIED claims, plaintiff must show that: 1) defendants intended to cause plaintiff severe emotional distress; 2) defendants' conduct caused plaintiff to suffer severe emotional distress; and 3) defendants' conduct was "outrageous" and "extraordinarily beyond the bounds of socially tolerable behavior." House v. Hicks, 218 Or. App. 348, 357-58, 179 P.3d 730, rev. denied, 345 Or. 381, 195 P.3d 911 (2008) (citation omitted). Defendants' conduct, not just their motives, must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 358, 179 P.3d 730 (citation and internal quotations omitted); see also Madani v. Kendall Ford, Inc., 312 Or. 198, 204, 818 P.2d 930 (1991). While the determination of whether conduct is an "extraordinary transgression" is fact-specific, whether the defendant's alleged conduct "goes beyond the farthest reaches of socially tolerable

---

[3]DVA argues that plaintiff fails to state an IIED claim against Holder but does not expressly challenge plaintiff's proposed IIED claim against DVA; however, given that plaintiff's IIED claims against Holder and DVA are based on the same alleged facts, I consider the futility of the amendment as alleged against both defendants.

Page 7 - OPINION AND ORDER

behavior" is, initially, a question of law for the court. House, 218 Or. App. at 358, 179 P.3d 730.

Here, plaintiff contends that "defendants intentionally and or recklessly disregarded the rights of Plaintiff to comply with child abuse reporting laws, and Plaintiff's right to access OFLA leave." Harvey Decl. Ex. A at 7. She further alleges that defendants' "intentional and reckless conducted targeted plaintiff by taking disciplinary action against her including termination." Id. Without more, this conduct fails to rise to a level "beyond all possible bounds of decency." While defendants may have had unjust motives behind plaintiff's termination, the alleged disregard of plaintiff's rights or retaliatory termination is not conduct beyond "all possible bounds of decency." See, e.g., Madani, 312 Or. at 204 ("The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior.").

Therefore, as a matter of law, defendants' conduct cannot reasonably be regarded as so extreme and outrageous as to state a claim of IIED. As such, plaintiff's proposed IIED claims against DVA and Holder are futile. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007) (explaining that in order to not be futile, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory").

Finally, plaintiff suggests that she may also bring claims against DVA and Holder under the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2617 (c) (statute of limitations, generally, is two

years from the date of the alleged violation, or three years from the alleged violation if the action was a willful violation). However, as plaintiff's proposed amendments do not include a FMLA claim, I decline to further address this issue, aside from noting that an FMLA claim would invoke federal question jurisdiction.

In sum, "even though Fed. R. Civ. P. 15 prescribes a liberal policy for amending pleadings before trial, it is not without restrictions." Shaw v. R.U. One Corp., 822 F. Supp. 2d 1094, 1101 (D. Or. 2011) Here, plaintiff seeks to add a new defendant who would divest this Court of jurisdiction. Both of the proposed complaints against the prospective defendant are futile: the OFLA claim is barred by the statute of limitations and the IIED claims fail to state a claim against Holder and DVA. Accordingly, plaintiff's motion for leave to amend is denied with respect to plaintiff's proposed Fourth and Fifth Claims.

Given that plaintiff's motion to amend is denied with respect to the claims against Holder, this Court maintains diversity jurisdiction over the matter. Diversity jurisdiction requires complete diversity of citizenship between each plaintiff and defendant and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004). Thus, DVA properly removed the action pursuant to 28 U.S.C. § 1441, as it and plaintiff are of diverse citizenship and plaintiff seeks more than $75,000 in damages.

## CONCLUSION

For the reasons outlined above, plaintiff's motion for leave to amend (doc. 6) is GRANTED with respect to the proposed Second and Third Claims and DENIED with respect to the proposed Fourth and Fifth Claims. Plaintiff's motion for remand (doc. 7) is DENIED. IT IS SO ORDERED.

Dated this 4th day of May, 2013.

_____
Ann Aiken
United States District Judge